## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

HENRY GRAJALES-EL,

                 Plaintiff,

     v.

AMAZON PRIME, et al.,

                 Defendants.

CIVIL ACTION NO. 1:21-CV-0572

(MEHALCHICK, M.J.)

## <u>ORDER</u>

This action brought by *pro se* Plaintiff Henry Grajales-El was commenced by the filing of a complaint on March 29, 2021. (Doc. 1). Grajales-El also filed a motion for leave to proceed *in forma pauperis* on the same date.[1] (Doc. 2). In his Complaint, Grajales-El seeks relief against Defendants for their alleged deliberately erroneous reporting and implementation of Grajales-El's driving scores. (Doc. 1). Grajales-El claims he was deprived of financial incentives and was subject to discipline as a result of these incorrect driving scores. (Doc. 1). Having conducted the statutorily-mandated screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Grajales-El fails to state a claim for relief and grants him leave to amend.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

On March 29, 2021, Grajales-El, proceeding *pro se*, filed the instant action against Amazon Prime; Fair Isaac Corporation (FICO); and eDriving, LLC (collectively, "Defendants"). (Doc. 1, at 1). Grajales-El states that on May 3, 2020, he was emailed a

---

[1] The Court hereby **GRANTS** Grajales-El's motion to proceed *in forma pauperis*. The Complaint is deemed filed. (Doc. 2).

document in which false claims were brought against him based on "deliberate faulty information" provided by eDriving, LLC and "deliberate faulty driving scores" produced by FICO. (Doc. 1, at 4). In addition to the work-related "corrective action" that was taken in response to this allegedly false information, Grajales-El claims that he was deprived of financial incentives for efficient driving as a result of deliberately erroneous driving scores. (Doc. 1, at 4). "This faulty information is used by Amazon against delivery drivers to establish corrective actions, commit employment terminations and withhold financial bonuses," according to Grajales-El. (Doc. 1, at 4). Finally, Grajales-El alleges that he is not compensated for required training. (Doc. 1, at 4). Grajales-El purports to bring his claims pursuant to 18 U.S.C. § 1341. (Doc. 1, at 1).

## II.   SECTION 1915(E)(2) STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts

alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan*, 20 F.3d at 1261. This "presumption of truth

attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With these standards in mind, *pro se* documents must "be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, *pro se* plaintiffs are still subject to the base pleading requirements of Rule 8. *Rhett v. NJ State Superior Court*, 260 F. App'x 513 (3d Cir. 2008). If a complaint fails to state a claim, the district court must permit a curative amendment, unless

- 4 -

an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III.    **DISCUSSION**

    A.  THERE IS NO PRIVATE RIGHT OF ACTION FOR GRAJALES-EL'S CLAIM.

    The Court is mindful that *pro se* complaints must be afforded considerable latitude and construed so "as to do substantial justice." *Alston v. Parker*, 363 F.3d, 229, 234 (3d Cir. 2004). However, *pro se* plaintiffs are not relieved of the requirement to plead an adequate jurisdictional basis for their claims. The jurisdictional basis offered by Grajales-El appears to be that Defendants violated federal law, giving rise to the Court's general federal subject jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

    As pleaded, Grajales-El's allegations do not state a claim upon which relief can be granted in this Court. Civil liability does not arise from violations of the statute which Grajales-El asserts has been violated. (Doc. 1, at 1); *see* 18 U.S.C. § 1341; *Thompson v. Michels*, 574 F. App'x 196, 197 (3d Cir. 2014) ("Thompson invoked 18 U.S.C. § 1341, but that is a criminal statute that does not give rise to a private right of action. In other words, the statute authorizes public actors (the government) to criminally prosecute individuals for mail fraud, but it does not provide a basis upon which an alleged victim of mail fraud may bring a civil lawsuit in federal court.") (internal citation omitted). Liberally construing Grajales-El's amended complaint to include claims for "fraud, theft, and breach of contract or, in the alternative, unjust enrichment," such causes of action are state law claims that do not alone give rise to jurisdiction under § 1331. *See, e.g., Thompson*, 574 F. App'x at 197 (affirming dismissal of claim alleging mail fraud and liberally construing complaint to assert state law-

based claims of fraud, theft, and contract breach, all of which "arise under state law and therefore do not give rise to jurisdiction under 28 U.S.C. § 1331"); *see also Pcii Reo LLC v. Cummings*, 2017 WL 4391742, at *2 (D.N.J. Sept. 28, 2017) ("[N]either theft by deception nor common law fraud raise federal questions.").

There being no other apparent basis for invoking federal subject-matter jurisdiction based on the allegations against Defendants in Grajales-El's Complaint, the undersigned finds that Grajales-El fails to state a claim upon which relief can be granted.

B. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

Keeping in mind that a document filed *pro se* is "to be liberally construed," the Court will grant Grajales-El leave to file an amended complaint in an effort to allow him to bring a federal cause of action. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Grajales-El is advised to demonstrate in his amended complaint that he suffered a constitutional violation or a violation of Federal law. Grajales-El is reminded that his "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).

- 6 -

IV.    **CONCLUSION**

Based on the foregoing, the Court finds that federal jurisdiction is lacking in this case. As such, Grajales-El's Complaint fails to state a claim upon which relief can be granted. (Doc. 1). The Court grants Grajales-El leave to amend the complaint within **30 days** of the date of this Order, on or before **September 24, 2021.**

An appropriate Order will follow.


**Dated: August 25, 2021**                                    *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States Magistrate Judge**