UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY GRAJALES-EL, | |
| Plaintiff, | CIVIL ACTION NO. 1:21-CV-00572 |
| v. | |
| AMAZON PRIME, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

**MEMORANDUM**

This action brought by *pro se* Plaintiff Henry Grajales-El ("Grajales-El") was commenced by the filing of a complaint on March 29, 2021. (Doc. 1). Grajales-El also filed a motion for leave to proceed *in forma pauperis* on the same date, which the Court granted. (Doc. 2; Doc. 6). On August 25, 2021, the Court found that the complaint failed to state a claim upon which relief can be granted and granted Grajales-El leave to amend his complaint. (Doc. 5; Doc. 6). On September 24, 2021, Grajales-El filed an amended complaint against Defendant Amazon Prime ("Amazon"). (Doc. 7). In the amended complaint, Grajales-El seeks relief against Amazon for its alleged deliberately erroneous reporting and implementation of his driving scores while he was employed by the company. (Doc. 7). Grajales-El claims he was deprived of financial incentives and subjected to discipline as a result of the incorrect driving scores. (Doc. 7). Grajales-El is requesting recovery of lost wages and punitive damages. (Doc. 7, at 3).

Having conducted the statutorily-mandated screening of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Grajales-El fails to state a claim upon which relief can be granted and grants leave to amend in accordance with this Memorandum. (Doc. 7).

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On March 29, 2021, Grajales-El, proceeding *pro se*, filed the instant action against Amazon, Fair Isaac Corporation, and eDriving, LLC. (Doc. 1, at 1). Upon performing its mandatory screening function, the Court held that Grajales-El's claims failed to state a claim upon which relief can be granted. (Doc. 5, at 1; Doc. 6, at 1). The Court granted Grajales-El leave to amend his complaint. (Doc. 5, at 1; Doc. 6, at 1). Grajales-El filed the amended complaint on September 24, 2021, naming Amazon as the sole defendant and expelling the other Defendants.[1] (Doc. 7).

In the amended complaint, Grajales-El bring two claims for relief. (Doc. 7, at 2). In Count 1, Grajales-El alleges that Amazon violated his Fourteenth Amendment rights by unlawfully disciplining Grajales-El and withholding financial incentives without due process. (Doc. 7, at 2). Grajales-El alleges that Amazon does not have established disciplinary protocols in place for delivery drivers that protect their rights under the Fourteenth Amendment. (Doc. 7, at 2). Additionally, Grajales-El alleges that, as a diabetic, he "is registered as a worker with disabilities," and that Amazon failed to accommodate his disabilities in the workplace. (Doc. 7, at 2). In Count 2, Grajales-El asserts that Amazon violated his Eighth Amendment right to be free from "cruel and unusual disciplinary methods as punishment, which were deliberately designed to cause adverse mental effects." (Doc. 7, at 2); U.S. Const. amend. VIII. As relief, Grajales-El is requesting recovery of lost wages and punitive damages. (Doc. 7, at 3).

---

[1] In the amended complaint, Grajales-El does not list Fair Isaac Corporation or eDriving, LLC, as defendants. (Doc. 7). Thus, these parties were terminated from this action on September 24, 2021. (Doc. 7).

II.     **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right

to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **DISCUSSION**

    A. <u>FAILURE TO STATE A CLAIM</u>

Grajales-El's amended complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the

Amendment right to due process of law. (Doc. 7, at 2). However, this claim fails as a matter of law because he has not alleged, nor could any of his allegations be expansively read to allege, that Amazon was acting under color of state law, a necessary element for claims brought under the Fourteenth Amendment. *See Jackson*, 419 U.S. at 350-51, 358 (privately owned and operated utility, despite extensive state regulation and a state-protected monopoly, did not commit state action for purposes of the Fourteenth Amendment when it terminated electrical service to plaintiff without notice or hearing); *Paige v. Crozer Chester Medical Center*, 2009 WL 533068, at *4 (E.D. Pa. Mar. 3, 2009) (Fourteenth Amendment claim failed as a matter of law because plaintiff failed to allege that private medical center was acting under color of state law when it terminated plaintiff's employment). Therefore, Grajales-El has failed to state a claim alleging a violation under the Fourteenth Amendment. (Doc. 7, at 2).

In Count II, Grajales-El alleges that Amazon's disciplinary action violated his right to be free from cruel and unusual disciplinary methods as punishment under the Eighth Amendment. (Doc. 7, at 2). Protections afforded by the Eighth Amendment "d[o] not apply until after sentencing and conviction." *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (quoting *Graham v. Connor*, 490 U.S. 386, 398-99 (1989)); *see also Whitley v. Albers*, 475 U.S. 312, 318 (1986). "[T]he Eighth Amendment's protections do not apply 'until after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" *Hudson v. Coxon*, 149 Fed. Appx. 118, 121 (3d Cir. 2005) (quoting *Graham*, 490 U.S. at 398-99).

Grajales-El alleges that Amazon violated his Eighth Amendment rights when he was subjected "to cruel and unusual disciplinary methods as punishments, which were deliberately designed to cause adverse mental effects." (Doc. 7, at 2). At no point in his

amended complaint does Grajales-El allege that he was detained by police or another state actor. Because a party may not bring an Eighth Amendment claim until after a sentencing and conviction by the State, Grajales-El fails to state a claim under the Eighth Amendment. (Doc. 7, at 2).

Finally, Grajales-El alludes to workplace discrimination for unlawful disciplinary action and failure to accommodate his disability, as he is a diabetic and "registered as a worker with disabilities." (Doc. 7, at 2). To state a claim for discrimination under the Americans with Disabilities Act ("ADA") a plaintiff must show: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Gaul v. Lucent Tech.*, 134 F.3d 576, 580 (3d Cir. 1998) (citing *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996)); *see also Ostrowski v. Con-Way Freight, Inc.*, 543 F. App'x 128, 130 (3d Cir. 2013)). A "disability" is defined by the ADA as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 305–06 (3d Cir. 1999).

Grajales-El alleges that on April 29, 2020, the day Amazon's e-Mentor driving monitoring application completed its driving assessment, Grajales-El notified his supervisor that he was feeling ill due to diabetic symptoms, but his illness was not accommodated for during the disciplinary process. (Doc. 7, at 2). However, this statement fails to sufficiently present a claim for workplace discrimination. (Doc. 7, at 2). In order to present a claim of discrimination under the ADA, Grajales-El must allege with sufficient particularity that the

rights afforded to him under the ADA have been violated. *See Gaul*, 134 F.3d at 580; *Binsack*, 438 F. App'x at 160. In addition, Grajales-El must adhere to Rule 8 by alleging concise allegations of specific conduct that he believes violated his rights under the ADA. *See Binsack*, 438 F. App'x at 160; Fed. R. Civ. P. 8(a).

B. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Grajales-El leave to file a second amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108.

The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Grajales-El is advised to assert his claims with a corresponding good-faith request for relief. Grajales-El must limit his claims to those by which he has suffered actual harm due to the actions of Amazon. Finally, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

IV. **CONCLUSION**

As it stands, Grajales-El's amended complaint fails to state a claim upon which relief can be granted. (Doc. 7). The Court grants Grajales-El leave to file a second amended complaint within thirty (30) days from the date of the Order filed concurrently with this Memorandum, on or before **Wednesday, January 26, 2022**.

An appropriate Order follows.


**Dated: December 28, 2021**               *s/ Karoline Mehalchick*
                                          **KAROLINE MEHALCHICK**
                                          **Chief United States Magistrate Judge**